IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| EDWARD LOUIS DEAN,<br><br>      Plaintiff,<br><br>  vs.<br><br>CORRECTIONS CORPORATION OF AMERICA; TED SAKAI; TODD THOMAS & JOHN DOES 1-10,<br><br>      Defendants. | ) CIVIL NO. 12-00299 SOM-KSC<br>)<br>) FINDINGS AND<br>) RECOMMENDATION TO GRANT<br>) DEFENDANTS' MOTION TO<br>) TRANSFER VENUE<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

<u>FINDINGS AND RECOMMENDATION TO GRANT
DEFENDANTS' MOTION TO TRANSFER VENUE</u>

Before the Court is Defendants Corrections Corporation of America ("CCA"), Ted Sakai ("Sakai"), and Todd Thomas ("Thomas") (collectively "Defendants") Motion to Transfer Venue ("Motion"), filed September 28, 2012.  On November 26, 2012, Plaintiff Edward Louis Dean ("Plaintiff") filed an Opposition.  Defendants filed a Reply on December 3, 2012.

This matter came on for hearing on December 17, 2012.  Rory Toomey, Esq., appeared on behalf of Plaintiff and April Luria, Esq., appeared on behalf of Defendants.  After careful consideration of the Motion,

the supporting and opposing memoranda, and the arguments of counsel, the Court HEREBY FINDS AND RECOMMENDS that the Motion be GRANTED for the reasons set forth below.

## BACKGROUND

Plaintiff is an inmate at Saguaro Correctional Center ("Saguaro") in Elroy, Arizona, who is serving time for crimes he committed in Hawaii. He commenced this action on May 25, 2012. On July 3, 2012, Plaintiff filed a First Amended Complaint ("FAC"), alleging the following causes of action: 1) failure to allow free exercise of religion; 2) violation of the Religious Land Use and Institutionalized Persons Act (RLUIPA); and 3) cruel and unusual punishment under the Eighth Amendment. These claims arise out of the purported failure to provide Plaintiff with a religious diet.

On September 13, 2012, Plaintiff filed a motion for preliminary injunction. The present Motion followed.

DISCUSSION

Defendants seek to transfer this action to the U.S. District Court for the District of Arizona because the allegations forming the basis of the FAC occurred in Arizona and because transfer will serve the interests of justice and the convenience of the parties.  Plaintiff does not dispute that the action could have been brought in Arizona, but contends that he will be prejudiced by transfer and that the relevant factors weigh against a transfer to Arizona.

Section 1404(a) of Title 28 of the United States Code provides:  "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  The purpose of the section is "to prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense . . . .'"  Van Dusen v. Barrack, 376 U.S. 612, 616 (1964) (quoting Continental Grain Co. v. Barge FBL-585, 364 U.S. 19, 26-27 (1960)).

Section 1404(a) vests "discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 27 (1988) (citation and internal quotation marks omitted).

The Ninth Circuit has stated that courts must weigh multiple factors in considering a motion for change of venue. See Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir. 2000). These factors include:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

Id. at 498-99 (internal footnotes omitted).

The first factor is neutral because Plaintiff does not assert a breach of contract claim or name the State of Hawaii as a Defendant. Ah Sing v. Kimoto, Civ. No. 12-00099 JMS-RLP, 2012 WL 1366600, at *4 (D. Haw. Apr. 18, 2012). The second factor is also neutral because Arizona and Hawaii are equally familiar with the federal law that Defendants purportedly violated. Id.

Although the Court acknowledges that Plaintiff's choice of forum would ordinarily weigh in favor of maintaining the action in this district, Tamashiro v. Harvey, 487 F. Supp. 2d 1162, 1169 (D. Haw. 2006), his preference is given less weight because he does not reside in the forum. Ah Sing, 2012 WL 1366600, at *3. A prisoner's choice of forum is given no special weight when the prisoner is not incarcerated in the forum and most of the material events did not occur in the forum. Id. (citing Yoder v. Ryan, 318 F. Supp. 2d 601, 605-06 (N.D. Ill. 2004)). Here, Plaintiff is incarcerated in Arizona and the material

events that form the basis of the FAC occurred in Arizona.

The fourth and fifth factors weigh strongly in favor of transferring the case. The contacts relating to Plaintiff's causes of action are in Arizona. Plaintiff claims that Defendants have denied him his religious diet. This alleged deprivation occurred in Arizona, not Hawaii. The are no significant contacts between Plaintiff's claims and Hawaii, other than Plaintiff's status as a Hawaii inmate and the contract between Defendant CCA and the State of Hawaii to house Hawaii inmates.[1] By contrast, other than Plaintiff's allegation that Defendant Sakai has failed or refused to ensure that Plaintiff is provided with his court ordered religious diet, the claims all stem from conduct that took place in Arizona.

---

[1] As already discussed, Plaintiff does not allege a breach of contract claim. Even if he did assert such a claim, "venue inquiries in contract claims are determined by the 'place of intended performance rather than the place of repudiation.'" Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 842 (9th Cir. 1986) (citations omitted). In the present case, the place of intended performance is Arizona.

Likewise, the parties' contacts with Hawaii are limited.  Defendant Sakai is the only Hawaii based Defendant.  Defendant Thomas is the present Warden of Saguaro and a resident of Arizona and Defendant CCA is a privately owned corporation that owns and operates Saguaro and other prisons.  All decisions regarding Plaintiff's diet were made by individuals at Saguaro.  Plaintiff argues that he will suffer substantial prejudice if the case is transferred because his counsel will be forced to withdraw, insofar as neither is licensed in Arizona.  This argument is unavailing.  As noted by Defendants, Plaintiffs' counsel may seek pro hac vice admission in Arizona.  The mere fact that counsel reside and practice in Hawaii does not compel a finding that the case should remain here.  For these reasons, the Court finds that there are no significant contacts between Plaintiff's claims and Hawaii, and there are negligible contacts between the parties and Hawaii.  <u>Ah Sing</u>, 2012 WL 1366600, at *2.

The sixth factor - difference in cost of litigation between the two forums - weighs heavily in favor of transfer.  If the case proceeds in Hawaii, the State will be burdened with the expense of transporting Plaintiff to Hawaii, with the attendant costs for his supervision during the transfer and his incarceration during the pendency of the trial.  Id. at *3.  The State will also be forced to bear the expense of transferring him back to Arizona.  The same is true of any inmates that may testify at trial.  Thus, while Defendant Sakai will be required to travel to Arizona if the case is transferred, the cost savings would be significant.[2]

In addition to the aforementioned costs, great expense will be incurred in connection with the transportation, lodging, and meals for Defendants CCA and Thomas, as well as any CCA and Saguaro employees and/or officials if the case is tried in Hawaii.  On the other hand, proceeding in Arizona would be cost

---

[2] Defendant Sakai has consented to a transfer of venue.

effective, as a number of likely witnesses are located in Arizona, where the conduct that forms the basis of Plaintiff's claims occurred.

Along the same lines, the relevant sources of proof are located in Arizona.  Therefore, the eighth factor supports transfer.  Finally, given the distance between Arizona and Hawaii, the seventh factor weighs slightly in favor of transfer.  The Court cannot compel the attendance of non-party witnesses who reside in Arizona because it would require them "to incur substantial expense to travel more than 100 miles to attend trial."  Fed. R. Civ. P. 45(c)(3)(B)(iii). Defendants indicate that relevant witnesses, such as the Warden, Assistant Wardens, Grievance Officers, Chaplain, etc., are located in Arizona.  Because Defendants have not provided the Court with a specific list of witnesses to be called, their locations, and a general statement of what their testimony will cover, it is difficult to ascertain the total number of witnesses that would not be subject to the Court's

subpoena power.  Davis v. Abercrombie, CV. No. 11-00144 LEK-BMK, 2011 WL 2118276, at *8 (D. Haw. May 27, 2011) (citations omitted).  Nevertheless, based on the information provided, it is clear that the Court will lack subpoena power over some critical witnesses.

In sum, the balancing of the Jones factors compels this Court to recommend that this action be transferred to Arizona for the convenience of the parties and in the interest of justice.

## CONCLUSION

Based on the foregoing, the Court HEREBY FINDS AND RECOMMENDS that the district court GRANT Defendants' Motion to Transfer Venue.

IT IS SO FOUND AND RECOMMENDED.

Dated:  Honolulu, Hawaii, December 17, 2012.



_____
Kevin S.C. Chang
United States Magistrate Judge

CIVIL NO. 12-00229 SOM-KSC; DEAN V. CORRECTIONS CORPORATION OF AMERICA, ET AL.; FINDINGS AND RECOMMENDATION TO GRANT DEFENDANTS' MOTION TO TRANSFER VENUE

10